(109 App. Div. 237)

### ANGLIN v. AMERICAN CONSTRUCTION & TRADING CO.

(Supreme Court, Appellate Division, Fourth Department.   November 15, 1905.)

MASTER AND SERVANT—INJURIES—FELLOW SERVANTS.

> Where a master sent a competent foreman with a sufficient number of men to string wires upon poles, and the master had made provisions whereby any one of them might turn off the current from neighboring electric light wires, and it had been agreed between the servants that the foreman should perform such duty, his failure to do so or to give warning, whereby one of them was injured, was the negligence of a fellow servant.
>
> Spring and Hiscock, JJ., dissenting.

Appeal from Trial Term, Seneca County.

Action by James B. Anglin against the American Construction & Trading Company.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

William A. Sutherland, for appellant.

J. N. Hammond, for respondent.

McLENNAN, P. J.   The plaintiff sustained the injuries for which he complains on the 29th day of April, 1902, while in defendant's employ, engaged in stringing wires upon its poles, by coming in contact with an electric light wire owned and maintained by the Seneca Falls Electric Light Company, which passed close to the telephone poles of the defendant.   The negligence of the defendant, it is alleged, consisted in erecting its poles near trees, the branches of which so obscured the electric light wires that their presence could not be known or discovered by the plaintiff by the exercise of reasonable diligence; and,

second, because the defendant failed to cut off the electric current from the electric light company's wire before the plaintiff was set to work upon the poles of the defendant. It appears without contradiction that the plaintiff had had large experience in doing the work in which he was engaged at the time of the accident. He was also fully acquainted with the locus in quo. By the plaintiff's own testimony it is conclusively shown that he knew that the wires of the electric light company ran in close proximity to the pole upon which he was at work. He also knew the danger of coming in contact with such wires. Immediately upon going upon the pole he knew of the presence of branches upon the trees adjacent to such pole, and the extent to which they obstructed a view of the wire in question; in other words, he had knowledge of the exact situation as it existed, except, as he testifies, he did not know that the current had not been shut off from the wire of the electric light company, and the failure to shut such current off is practically the only negligence now urged against the defendant.

It appears that the plaintiff, with other employés of the defendant, was engaged in putting up wires for it under the direction of a competent foreman; that they all knew perfectly well of a simple method of shutting off the electric light current, and that any one of such employés, including the plaintiff, had a right to shut off such current when working upon poles of the defendant in close proximity to wires carrying such current. The plaintiff and other of defendant's employés had frequently before the accident shut off such current, and thereby made injury from coming in contact with the wires carrying the same impossible. At the time of the accident it was undoubtedly understood by the plaintiff that the foreman had shut off the electric light current, and undoubtedly, at this particular time, it was his duty, as between him and the plaintiff, to have done so; but the failure of the foreman in that regard, under the circumstances, was the negligence of a co-employé, for which the defendant is not liable.

No fault is found with the method of doing the work adopted by the defendant. It is not suggested that any other or different rules for the safety of its employés should have been adopted. A competent foreman with a sufficient number of men were sent by the defendant to a locality with which all were familiar, to string wires upon its poles. All knew electric light wires were in close proximity. All knew the danger occasioned thereby, and knew how to eliminate all danger, viz., by turning off the electric light current; provision for which had been made by the defendant, and so that any one of such employés could do so at will. As between themselves, we may assume that it was agreed or understood that the foreman should perform such duty, and that because of his neglect in that regard the accident happened. We fail to discover how, even upon that hypothesis, the plaintiff can recover. The foreman (and because of whose neglect in not shutting off the electric current, or in warning the plaintiff that it had not been shut off, before directing him to go upon the pole in question, the accident happened) was a co-employé of the plaintiff, notwithstanding he occupied the position of foreman. Northern Pacific R. R.

Co. v. Peterson, 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994; Keenan v. N. Y., L. E. & W. R. R. Co., 145 N. Y. 190, 39 N. E. 711, 45 Am. St. Rep. 604; Barringer v. Delaware & Hudson Canal Co., 19 Hun, 216.

Having concluded that the defendant was not guilty of actionable negligence under the circumstances disclosed in this case, we deem it unnecessary to determine any of the other questions involved. It follows that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide event upon questions of law only; the facts having been examined, and no error found therein.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event upon questions of law only; the facts having been examined, and no error found therein. All concur, except SPRING, J., who dissents in a memorandum, in which HISCOCK, J., concurs.

SPRING, J. (dissenting). Cadwallader was the superintendent in general charge and Shoemaker was foreman of the gang to which plaintiff belonged. The latter testified that, whenever he had been at work before, the electric current was turned off, and that both Cadwallader and Shoemaker assured him that it would be turned off when the men were at work. He had a right to rely on this assurance. It was the defendant's duty to provide a safe place for the plaintiff to work. By delegating this duty to another, it was not relieved from liability resulting from the failure to meet the obligation which it owed to the plaintiff. The proof also shows that whenever one of the men shut off the current, it was by the express direction of the foreman. It was not done by any of the men, unless directed to do so. Of course, the plaintiff knew that the electric wire was strung, but he lacked the essential notice that it was charged with electricity. He believed, as he had been assured, that it was safe.

I think the authorities cited in the prevailing opinion and in the brief of the appellant's counsel are not in point. In the case in 162 U. S. 346, 16 Sup. Ct. 843, 40 L. Ed. 994, it did not involve the question of a safe place. In that case the foreman of a section gang was riding on a hand car with the plaintiff and other workmen, and suddenly applied the brakes, and the plaintiff was injured. The court held the foreman was a fellow servant with the plaintiff. It explicitly noted the distinction as to the primary duties imposed upon the master. At page 353, of 162 U. S., and page 845, of 16 Sup. Ct., 40 L. Ed. 994, the court recites that among the duties which the master owes is that of providing a reasonably safe place for the servants to work in. It then adds:

"If instead of personally performing these obligations, the master engages another to do them for him, he is liable for the neglect of that other, which in such case is not the neglect of a fellow servant, no matter what his position as to other matters, but is the neglect of the master to do these things which it is the duty of the master to perform as such."

Again at page 358, of 162 U. S., and page 847, of 16 Sup. Ct., 40 L. Ed. 994, the opinion distinctly states that the neglect of the foreman was not of that character which the master was responsible

for, not being the neglect of a duty owed by a master to his servants. Again in the case in 145 N. Y. 190, 39 N. E. 711, 45 Am. St. Rep. 604, the question of safe place was not involved at all.

I think the judgment should be affirmed.

HISCOCK, J., concurs.